UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN D. BRISTOW, et al.,

      Plaintiffs,

v.

AMERIQUEST MORTGAGE COMPANY,
a Delaware Corporation, Mortgagee, a/k/a
AMC MORTGAGE SERVICES, et al.,

      Defendants.
_____/

File No.  1:06-CV-829

HON. ROBERT HOLMES BELL

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiffs Brian D. Bristow and Judith A. Bristow's motion for leave to file a late response to Defendants' motion for summary judgment. (Pls.' Mot. for Leave, Docket #13.) Plaintiffs' proposed response was attached to the motion for leave. Defendants Ameriquest Mortgage Company, AMC Mortgage Services, Inc., Ameriquest Mortgage Securities, Inc., and Deutsche Bank National Trust Company oppose Plaintiffs' request for leave. (Defs.' Br. in Opp'n, Docket #14.)

Rule 6(b) of the Federal Rules of Civil Procedure governs the extension of filing deadlines. Rule 6(b) provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

FED. R. CIV. P. 6(b). To determine whether Plaintiffs' delay was the result of excusable neglect the Court must balance five factors:

> (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith.

*Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The Local Rules provide that a party opposing a motion for summary judgment shall file a response and any supporting materials within twenty-eight days of service of the motion. W.D. MICH. LCIVR 7.2(c). Defendants filed the motion for summary judgment on February 6, 2007. (Defs. Mot. for Summ. J., Docket #9.) Plaintiffs' response was due on March 6, 2007. Plaintiffs filed the motion for leave on May 30, 2007. Plaintiffs contend that the delay in filing the response was due to excusable neglect because Plaintiffs' counsel was particularly busy during the relevant time period.

Under the first factor, Defendants contend that the delay from the late response will prejudice them because Plaintiffs have delayed the resolution of motion for summary judgment. While parties are certainly entitled to the expeditious resolution of their claims, the length of the delay in this case, without more, is not enough to establish prejudice. Defendants have not identified any particular harms or expenses that have accrued as a result of the delay.

Under the second factor, the length of the delay here is substantial. Plaintiffs are more than two months late in filing their response to the motion for summary judgment.

Under the third factor, Plaintiffs have explained that they were late in filing their response because Plaintiffs' counsel "are each solo practitioners and have been inundated with Ameriquest related litigation since the start of 2007 . . . ." (Pls.' Mot. for Leave 1.) Contrary to Plaintiffs assertions, "[a] lawyer's busy workload is entitled to very little weight under Rule 6(b)(2)." *Wilkerson v. Jones*, 211 F. Supp. 2d 856, 859 (E.D. Mich. 2002); *accord Baker v. Raulie*, 879 F.2d 1396, 1398-1400 (6th Cir. 1989) (discussing excusable neglect in the context of a failure to timely file a notice of appeal).

Under the fourth factor, there does not appear to be any dispute that the delay was in the control of Plaintiffs. Plaintiffs' counsel could have avoided the delay through better managing their workload.

Under the fifth factor, Defendants have not made any suggestion, nor is there any evidence, that Plaintiffs have not acted in good faith.

In balancing these five factors, the Court finds that Plaintiffs' delay in filing the response to the motion for summary judgment was the result of excusable neglect. Though an attorney's failure to manage his workload is generally not a basis for excusable neglect, in consideration of the absence of any apparent prejudice to Defendants, the Court finds that the interests of justice are best served by granting Plaintiffs leave to file a late response. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to file a late response (Docket # 13) to Defendants' motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' response to Defendants' motion for summary judgment, which was attached to Plaintiffs' motion for leave, shall be filed as a separated entry on the Court's docket.

**IT IS FURTHER ORDERED** that Defendants may file a reply to Plaintiffs' response by **June 21, 2007**.


Date:     June 7, 2007              /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE