UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN D. BRISTOW, et al.,

Plaintiffs,

File No. 1:06-CV-829

v.

HON. ROBERT HOLMES BELL

AMERIQUEST MORTGAGE COMPANY,
a Delaware Corporation, Mortgagee, a/k/a
AMC MORTGAGE SERVICES, et al.,

Defendants.
______________________________________/

**O P I N I O N**

This matter is before the Court on a motion for summary judgment filed by Defendants Ameriquest Mortgage Company ("Ameriquest"), also known as AMC Mortgage Services Inc., and Deutsche Bank National Trust Company ("Deutsche Bank"), as trustee of Ameriquest Mortgage Securities Inc. (Docket #9.) Plaintiffs Brian D. Bristow and Judith A. Bristow filed this lawsuit against Defendants Ameriquest and Deutsche Bank, along with two other defendants who are not part of this motion. Plaintiffs allege five counts: violation of the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws §§ 445.901-.922, recision of contract, fraudulent misrepresentation, breach of contract, and negligent appraisal, all in relation to the home mortgage Plaintiffs obtained through Defendants. Defendants Ameriquest and Deutsche Bank contend that they are entitled to summary judgment on all of the counts because Plaintiffs executed a general release on June 14, 2004, and alternatively

as to the MCPA count because the MCPA is inapplicable to mortgage transactions. Plaintiffs contend that the general release is invalid. For the reasons that follow, the Court grants Defendants Ameriquest and Deutsche Bank's motion for summary judgment.

**I.**

Plaintiffs are residents of Holland, Michigan. Ameriquest offers home mortgages in the State of Michigan. Deutsche Bank is an assignee, trustee, and successor in interest of Ameriquest.

On December 2, 2002, Plaintiffs refinanced their home mortgage through Ameriquest. John L. Dunn, an appraiser hired by Defendant Ameriquest, appraised Plaintiffs' home to have a value of $268,000.00. Based on the appraised value of $268,000.00, Plaintiffs qualified for a mortgage in the amount of $173,500.00. Plaintiffs allege that Mr. Dunn inflated the value of their home in his appraisal. Plaintiffs allege Ameriquest represented to them that their mortgage would be at a fixed rate of 6.50 percent; however, the mortgage was actually an adjustable rate mortgage ("ARM"). Plaintiffs allege that at the closing they advised Ameriquest that the paperwork indicated that the mortgage was an ARM and that the representatives of Ameriquest advised them that the terms would be corrected to reflect a fixed rate of 6.50 percent. Contrary to the alleged representations, the terms of the mortgage were not altered.

After the closing Plaintiffs complained to Ameriquest that the terms of the mortgage were not consistent with the representations made by Ameriquest. Plaintiffs also subsequently had difficulty making their monthly mortgage payments. In response to

Plaintiffs' delinquent payments, Ameriquest advised Plaintiffs that Ameriquest would take action against Plaintiffs, including foreclosure. Plaintiffs were then contacted by David Zastoupil,[1] a representative of Ameriquest. Mr. Zastoupil advised Plaintiffs that they would be receiving an Amended Workout Agreement by mail and that they should promptly sign the Amended Workout Agreement and return it to Ameriquest via overnight mail. The Amended Workout Agreement reduced the interest rate on Plaintiffs' mortgage to a fixed rate of 6.50 percent. Under the Amended Workout Agreement, Ameriquest also agreed to waive accrued late charges, accrued NSF fees, and two months of mortgage payments. Also enclosed with the Amended Workout Agreement was the Confidential Settlement Agreement and General Release (the "General Release"). Plaintiffs signed both documents on June 14, 2004.

**II.**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the defendants carry their burden of showing there is an absence of evidence to support a

[1]Plaintiffs' response refers to a David Zastoupil; however, the Amended Workout Agreement was signed by a Michael Zastoupil. Despite this discrepancy, Defendants' reply brief does not dispute the identity of the person who contacted Plaintiffs. Therefore, the Court will use the name used by Plaintiffs, David Zastoupil.

claim, then the plaintiffs must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955-56 (6th Cir. 2006) (citing *Matsushita*, 475 U.S. at 587). Nevertheless, the mere existence of a scintilla of evidence in support of the plaintiffs' position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for the plaintiffs. *Id.*; *see generally*, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476-80 (6th Cir. 1989).

## III.

### A. The General Release

Ameriquest and Deutsche Bank contend that they are entitled to summary judgment on all five counts based on the General Release. Plaintiffs contend that the General Release is invalid because it was not knowingly made and was obtained under duress. Plaintiffs contend that the appraisal relied upon by Ameriquest in approving their mortgage inflated the value of their home. Plaintiffs further contend that as a result of the allegedly inflated home value, Ameriquest approved a mortgage that had payments in excess their ability of pay. Plaintiffs contend that they had "no choice but to sign" the Amended Workout Agreement, because the amount of their mortgage exceeded the value of their home, which

had the effect of precluding Plaintiffs from refinancing their home mortgage through another lender. (Docket #16, Ex. 1, Judith A. Bristow Aff. ¶18.)

"[A]ny release, to be sustained, must be 'fairly and knowingly' made." *Denton v. Utley*, 350 Mich. 332, 342, 86 N.W.2d 537 (1957) (citations omitted). *Accord Wyrembelski v. City of St. Clair Shores*, 218 Mich. App. 125, 127, 553 N.W.2d 651 (1996). The "actual presence of an issue of liability" is also a factor to be considered. *Theisen v. Kroger Co.*, 107 Mich. App. 580, 583, 309 N.W.2d 676 (1981) (citing *Van Avery v Seiter*, 383 Mich. 486, 489-90, 175 N.W.2d 744 (1970)).

Plaintiffs contend that they did not knowingly sign the General Release. Plaintiffs state that Ameriquest did not advise them that a release would accompany the Amended Workout Agreement. (Bristow Aff. ¶11.) Plaintiffs also state that they did not understand the effect of the General Release. (*Id.*) "A release is knowingly made even if it is not labeled a 'release,' or the releasor fails to read its terms, or thought the terms were different, absent fraud or intentional misrepresentation designed to induce the releasor to sign the release through a strategy of trickery." *Xu v. Gay*, 257 Mich. App. 263, 272-73, 68 N.W.2d 166 (2003) (citing *Dombrowski v City of Omer*, 199 Mich. App. 705, 709-10, 502 N.W.2d 707 (1993)). The top of the first page of the General Release states in all capitals and bold face: "CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE." (Docket #17, Ex. B., Release 1.) Section II of the General Release is entitled in all capitals, underlined, and boldface letters: "RELEASE." (*Id.* at 3.) Plaintiffs were required to initial at the end of Section II, which set forth the scope of the release and acknowledged Plaintiffs'

understanding of the effect of the General Release. (*Id.* at 5.) Although Mr. Zastoupil did not advise Plaintiffs that a release would accompany the Amended Workout Agreement, the General Release was a separate document and was clearly labeled as a release. The failure of Mr. Zastoupil to advise Plaintiffs that a release would accompany the Amended Workout Agreement does not approach the "fraud or intentional misrepresentation" that is required under Michigan law to render a release invalid based on it not having been knowingly executed. *Xu*, 257 Mich. App. at 272-73 (citing *Dombrowski*, 199 Mich. App. at 709-10). *See Schmalzriedt v. Titsworth,* 305 Mich. 109, 118-20, 9 N.W.2d 24 (1943) (holding that a mistake of law, "without any inequitable incidents," was insufficient to set aside two quitclaim deeds).

Plaintiffs next contend that the General Release is invalid because they allegedly signed it under duress. The alleged duress derives from Defendants having provided Plaintiffs a mortgage that allegedly exceeded the value of Plaintiffs' home and then when Plaintiffs were late on their payments Ameriquest threatened to take action against Plaintiffs, including foreclosure. Plaintiff Judith Bristow states that she and her husband had "no choice by to sign [the Amended Workout Agreement], because we were facing foreclosure in the near future." (Bristow Aff. 3.) "A release is invalid if . . . the releasor was acting under duress . . . ." *Brooks v. Holmes*, 163 Mich. App. 143, 145, 413 N.W.2d 688 (1987) (per curiam) (citing *Weiser v Welch,* 112 Mich. 134, 136, 70 N.W. 438 (1897), and *Trongo v Trongo*, 124 Mich. App. 432, 435-36, 335 N.W.2d 60 (1983) (per curiam)). "Duress requires compulsion or coercion by which one is illegally forced to act by fear of serious injury to

person, reputation or fortune." *Apfelblat v. Nat'l Bank Wyandotte-Taylor*, 158 Mich. App. 258, 263, 404 N.W.2d 725 (1987) (per curiam) (citing *Norton v Mich. State Highway Dep't*, 315 Mich. 313, 319, 24 N.W.2d 132 (1946)). "'Fear of financial ruin alone is insufficient to establish economic duress; it must also be established that the person applying the coercion acted unlawfully.'" *Farm Credit Servs. of Michigan's Heartland, P.C.A. v. Weldon*, 232 Mich. App. 662, 682, 591 N.W.2d 438 (1998) (quoting *Enzymes of Am., Inc. v Deloitte, Haskins & Sells*, 207 Mich. App. 28, 35, 523 N.W.2d 810 (1994), *rev'd in part on other grounds*, 450 Mich. 889 (1995)). "Thus, a creditor may properly warn of his intentions to pursue collection without being subject to a defense of duress." *Apfelbat*, 158 Mich. App. at 264 (citing *Hackley v Headley*, 45 Mich. 569, 576, 8 N.W. 511 (1881)). Plaintiffs acknowledge that at the time the Amended Workout Agreement and General Release were sent to them they were behind on their mortgage payments. (Bristow Aff. ¶¶ 5, 6, 18.) Defendants Ameriquest and Deutsche Bank could have lawfully advised Plaintiffs of steps they were taking, or could take, to collect on the mortgage, such as foreclosure. Although Plaintiffs were confronting a "fear of financial ruin," that fear was lawfully present. Therefore, as a matter of law, the threat of foreclosure did not create duress that would invalidate the General Release.

The General Release explicitly applies to Ameriquest, but it does not reference Deutsche Bank by name. The General Release does, however, apply to Ameriquest's assigns and successors. (General Release 3.) "Deutsche Bank National Trust Company is an Assignee, Trustee and successor in interest of Ameriquest Mortgage Company . . . ." (Docket

#1, Ex. A.2, Compl. ¶2.) Therefore, the General Release applies equally to Deutsche Bank as it applies to Ameriquest. There has been no contention that the claims presented in this lawsuit are outside of the scope of the General Release. Defendants Ameriquest and Deutsche Bank are entitled to summary judgment on all five counts based on the General Release.

**B. Michigan Consumer Protection Act**

In addition to seeking summary judgment for the MCPA count based on the General Release, Defendants Ameriquest and Deutsche Bank contend that they are entitled to summary judgment on Plaintiffs' MCPA count because the MCPA is inapplicable to mortgage transactions pursuant to Michigan Compiled Laws § 445.904(1)(a). Section 445.904(1)(a) exempts from the MCPA transactions specifically authorized under laws administered by a regulatory board of the State of Michigan or of the United States. Plaintiffs' response to the motion for summary judgment did not address this issue. Transactions involving home mortgages have consistently been held to be exempted from the MCPA by § 445.904(1)(a). *E.g.*, *Newton v. Bank W.*, 262 Mich. App. 434, 439-41, 686 N.W.2d 491 (2004); *Hanning v. Homecomings Fin. Networks*, 436 F. Supp. 2d 865, 869 (W.D. Mich. 2006). As a matter of law, the MCPA is inapplicable to Defendants Ameriquest and Deutsche Bank. Therefore, on this additional basis, Defendants Ameriquest and Deutsche Bank are entitled to summary judgment on Plaintiffs' MCPA count.

**IV.**

The General Release signed by Plaintiffs on June 14, 2004, is valid and the claims

asserted by Plaintiffs in this lawsuit are within the scope of the General Release. Additionally, the General Release applies to both Ameriquest and Deutsche Bank. Therefore, Ameriquest and Deutsche Bank are entitled to summary judgment as to all five counts based on the General Release. This lawsuit involves a home mortgage and the MCPA is generally inapplicable to home mortgage transactions, thus on this additional basis Defendants Ameriquest and Deutsche Bank are entitled to summary judgment as to the MCPA count. For the foregoing reasons, the Court grants Ameriquest and Deutsche Bank's motion for summary judgment. A partial judgment will be entered consistent with this opinion.

Date: August 27, 2007

/s/ Robert Holmes Bell
ROBERT HOLMES BELL
CHIEF UNITED STATES DISTRICT JUDGE