UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN D. BRISTOW, et al.,

    Plaintiffs,

v.

AMERIQUEST MORTGAGE COMPANY,
a Delaware Corporation, Mortgagee, a/k/a
AMC MORTGAGE SERVICES, et al.,

    Defendants.
_____/

File No. 1:06-CV-829

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Ameriquest Mortgage Company ("Ameriquest") and Deutsche Bank National Trust Company's ("Deutsche Bank") motion for dismissal of the case or entry of a final order. (Dkt. No. 20.) This matter is also before the Court on Plaintiffs Brian D. Bristow and Judith A. Bristow's response to the Court's February 26, 2007, notice of impending dismissal. (Dkt. No. 12.)

**I.**

Plaintiffs filed this lawsuit in Allegan County Circuit Court on October 20, 2006. Defendants Ameriquest and Deutsche Bank removed this action to federal court on November 22, 2006. On February 26, 2007, the Court entered a notice of impending dismissal as to Defendants Jorge Lizarazo ("Lizarazo") and the Estate of John L. Dunn ("Dunn") because Plaintiffs had not filed proof of service as to those defendants. On

March 15, 2007, Plaintiffs responded to the notice of impending dismissal by filing proof of service as to Defendant Lizarazo and by seeking additional time to serve Defendant Dunn.

Defendants Ameriquest and Deutsche Bank filed a motion for summary judgment on February 6, 2007. Plaintiffs did not timely respond to the motion for summary judgment; however, on Plaintiffs' motion the Court granted Plaintiffs an eighty-five day extension of the time to file a response to the motion for summary judgment. (Dkt. No. 15, 06/07/2007 Mem. Op. & Order.) On August 27, 2007, the Court granted Defendants Ameriquest and Deutsche Bank's motion for summary judgment and entered a partial judgment in favor of Ameriquest and Deutsche Bank. (Dkt. Nos. 18-19, 08/27/2007 Op. & Partial J.) The grant of summary judgment for Defendants Ameriquest and Deutsche Bank did not resolve this lawsuit as to Plaintiffs' claims against Defendants Dunn and Lizarazo.

## II.

Defendants Ameriquest and Deutsche Bank ask the Court to dismiss the entire case with prejudice or, in the alternative, to enter a final order as to them.

Under Federal Rule of Civil Procedure 54(b), absent a specific order from the Court, until the Court enters a final judgment as to all claims or parties,

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Defendants Ameriquest and Deutsche Bank contend that the absence

2

of progress in this lawsuit and the lack of finality as to the partial judgment entered on August 27, 2007, continues to impair their rights with respect to the property that is subject to this lawsuit. (Dkt. No. 21, Defs.' Br. in Supp. of Dismissal 2.) A review of the docket for this lawsuit indicates that since the Court granted summary judgment in favor of Defendants Ameriquest and Deutsche Bank, Plaintiffs have not taken any action in this lawsuit. Plaintiffs did not file a response to Defendants Ameriquest and Deutsche Bank's motion to dismiss.

Rule 54(b) provides that a court may make a judgment final even if the lawsuit has not been resolved as to all claims or parties "if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Court entered a partial judgment in favor of Defendants Ameriquest and Deutsche Bank over nine months ago; however, Plaintiffs' inactivity has effectively denied Ameriquest and Deutsche Bank the benefits of that partial judgment. The delay in this case has not been the result of efforts to resolve the lawsuit as to the other defendants. Therefore the Court finds that there is no just reason for delay in making the partial judgment entered on August 27, 2007, a final judgment with respect to Ameriquest and Deutsche Bank.

**III.**

The Court's notice of impending dismissal advised Plaintiffs that a failure to complete service of process within 120 days of filing the complaint would result in dismissal unless Plaintiff filed a verified petition advising the Court:

  A. That the case should not be dismissed as to the unserved defendant;

  B. That the failure to obtain service upon this defendant is not due to the fault of the party or his counsel seeking to avoid dismissal;

  C. The reasons why the case against the unserved defendant should not be dismissed, set forth in detail; and

  D. That service will be effected on the defendant within twenty days.

(Dkt. No. 11, Notice of Impending Dismissal.)  The Court's notice indicated that Plaintiffs had not filed proof of service as to Defendants Dunn and Lizarazo.  In response to the notice, Plaintiffs provided proof of service as to Defendant Lizarazo, but as to Defendant Dunn, Plaintiffs stated that

> Plaintiffs further state that there are ongoing efforts to serve the Representative of the Estate of John L. Dunn.

(Dkt. No. 12, Pls.' Resp. to Impending Dismissal.)  Plaintiffs did not offer any reason for the failure to serve Defendant Dunn and did not indicate that the "failure to obtain service upon this defendant is not due to the fault of the party or his counsel seeking to avoid dismissal" as required by the notice of impending dismissal.  Therefore, Plaintiffs' claims against Defendant Dunn will be dismissed for lack of service of process.

### IV.

In addition to the order contained in this memorandum opinion the Court will enter a final judgment as to Defendants Ameriquest and Deutsche Bank consistent with this memorandum opinion.

  Accordingly,

**IT IS HEREBY ORDERED** that Defendants Ameriquest and Deutsche Bank's motion for dismissal of the case or entry of a final order (Dkt. No. 20.) is **GRANTED IN PART AND DENIED IN PART.**  Defendants Ameriquest and Deutsche Bank's motion is denied as to dismissal of the case and granted as to making the partial judgment entered on August 27, 2007, in favor of Defendants Ameriquest and Deutsche Bank a final judgment.

**IT IS FURTHER ORDERED** that Plaintiffs Brian D. Bristow and Judith A. Bristow's claims against Defendant Estate of John L. Dunn are **DISMISSED WITHOUT PREJUDICE.**


Date:     May 2, 2008                        /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             CHIEF UNITED STATES DISTRICT JUDGE